IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

WILLIE ROBERTS, JR., :
:
    Petitioner, :
:
vs. : Civil Action File No.
: **1:06-CV-15 (WLS)**
FRED BURNETTE, Warden, :
:
    Respondent. :
_____

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss the petition (doc. 7).

As a result of a jury trial in Dougherty County, Georgia, petitioner was convicted of one count of armed robbery and one count of aggravated assault on March 17, 1999. On April 15, 1999, petitioner was sentenced as a recidivist to life in prison, and the aggravated assault charge conviction merged with the armed robbery conviction.

Petitioner filed a motion for out of time new trial on September 1, 1999, which was denied on October 13, 1999. On January 19, 2001, petitioner filed a *pro se* motion for an out of time appeal, which was granted on June 29, 2001. Petitioner's convictions and sentences were affirmed on August 16, 2002. Roberts v. State, 257 Ga. App. 251, 570 S.E.2d 595 (2002). His motion for reconsideration was denied on September 3, 2002.

On April 8, 2003, Petitioner filed a petition for a writ of habeas corpus in Telfair County, asserting twelve grounds. The petition was denied on December 12, 2004. Petitioner then filed an application for certificate of probable cause to appeal the denial of state habeas corpus relief

with the Georgia Supreme Court, which was denied on November 7, 2005. Petitioner's motion for reconsideration was denied on December 2, 2005.

On or about February 13, 2006, petitioner filed the instant federal petition pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Respondent now moves the court to dismiss the petition as it is untimely filed.

Section 2244(d) of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner states that his petition is in fact timely filed. Petitioner makes a novel argument that because he was granted an out of time appeal by the state courts, the time period during that period should be tolled.

However, the period of limitation was fully expired by the time petitioner filed his state habeas corpus petition.

Although the Eleventh Circuit does not appear to have determined the "finality" aspect of the

2

limitations period when a petitioner has been granted an out of time appeal, as petitioner herein, the Eleventh Circuit has determined that resentencing does not entitle a petitioner to a new one-year period. Rainey v. Secretary Dept. Of Corrections, 443 F.3d 1323, 1326, 1330 (11th Cir.2006).

The Eleventh Circuit has also addressed tolling in the context of a § 2244(d)(2) tolling provision, finding that permission to pursue an out-of-time appeal from an adverse decision in a state collateral attack after the one-year period has run does not revive the one-year period. Moore v. Crosby, 321 F.3rd 1377 (11th Cir. 2003).

Petitioner's convictions were final after November 12, 1999, which is the final date in which he should have filed an appeal with the Georgia Court of Appeals after the trial court denied his motion for an out of time appeal. O.C.G.A. §§ 5-6-37 and 38. Petitioner did not do anything until he filed his motion for out or time appeal on January 19, 2001, which was granted on June 29, 2001. The period between November 12, 1999, and January 19, 2001, totals 433 days, well outside the one-year limitations period.

Consequently, in light of the fact that this petition is untimely, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss be **GRANTED**, and that this petition be **DISMISSED with prejudice** for petitioner's failure to timely file. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 21st day of February, 2007.

                                        //S Richard L. Hodge
                                        RICHARD L. HODGE
                                        UNITED STATES MAGISTRATE JUDGE

msd