IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

WILLIE ROBERTS, JR.,

            Petitioner

      VS.                           NO. 1:06-CV-15 (WLS)

FRED BURNETTE, WARDEN,

PROCEEDINGS UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

            Respondent

## RECOMMENDATION

Petitioner WILLIE ROBERTS, JR. was convicted in the Superior Court of Dougherty County on March 17, 1999, on charges of armed robbery and aggravated assault. He was sentenced as a recidivist to life imprisonment for armed robbery, and the aggravated assault conviction merged with the armed robbery conviction.

Petitioner filed a motion for an out-of-time new trial on September 1, 1999, which was denied, and then filed a *pro se* motion for an out-of-time appeal on January 19, 2001, which was granted. Petitioner's convictions and sentences were ultimately upheld on direct appeal on August 16, 2002. *Roberts v. State*, 257 Ga. Ct. App. 251, 570 S.E.2d 595 (2002).

Petitioner Roberts filed a *state* habeas petition in Telfair County Superior Court on April 8, 2003. Relief was denied in a final order dated December 12, 2004, and the Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal the denial on November 7, 2005. Petitioner filed this federal petition for habeas corpus relief on February 13, 2006, challenging his Dougherty County convictions.

This court is "bound under 28 U.S.C. § 2254(d) to afford factual findings of state [appellate] courts a presumption of correctness."  *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984).  The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  The AEDPA thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings.  *Id.*  Inasmuch as no dispute has been raised herein regarding the findings of fact issued by the Georgia Court of Appeals, said findings are hereby adopted as follows:

> *Viewed in the light most favorable to the verdict, the evidence reveals that late one night two men with handguns and wearing bandana masks entered a gas station food mart.  One of the men fired a gun at an employee of the store.  The men then forced the employee to open the cash register.  The employee noticed that the man who grabbed the money from the register had a distinctive tattoo on his arm.  The police took a statement from Roberts four days after the robbery.*
>
> *At trial, the store employee positively identified Roberts as one of the men who robbed the food mart.  Even though the robbers were wearing masks at the time of the robbery, the employee testified that he recognized Roberts' eyes and that he remembered the distinctive tattoo from the robbery.  In addition, police officers testified that Roberts' appearance at trial was significantly different from his appearance at the time of the robbery and indicated that Roberts was the person who appeared in a surveillance video taken of the robbery.  Even Roberts himself admitted that his hair had changed since the date of the robbery, and he also acknowledged that he had a tattoo on his arm.*
>
> *Roberts*, 257 Ga. Ct. App. at 251-52.

2

## STANDARD OF REVIEW

Under the AEDPA, a federal court's "review is greatly circumscribed and is highly deferential to the state courts." *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002). Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 120 S. Ct. 1495, 1519 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 1522. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 1520. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 120 S. Ct. at 1520)).

Accordingly, the petitioner must first establish that the state habeas corpus court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In other words, as this is a post-AEDPA case, the petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court. *Williams*, 120 S. Ct. at 1519. [1]

**PROCEDURALLY DEFAULTED GROUNDS**

In grounds one, two and three, the petitioner Roberts raises claims of ineffectiveness of trial counsel and a challenge to a jury instruction. The states habeas corpus court found that grounds one and three were procedurally defaulted and that ground two had been raised on direct appeal and decided against the petitioner, preventing the habeas corpus court from revisiting the claim.

A state prisoner may not obtain federal habeas corpus relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).

---

[1] The court notes that although the Eleventh Circuit set out a three-part inquiry for applying § 2254(d)(1) in *Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), the court recognized after the Supreme's Court decision in *Williams* that the "viability of [the third] aspect of *Neelley* is questionable". *McIntyre v. Williams*, 216 F.3d 1254, 1257 (11th Cir. 2000). Thus, the proper reasonableness inquiry is whether the lower court's decision was objectively reasonable. *Id.*

4

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986). Herein, petitioner Roberts has failed to establish either cause or prejudice for the procedural default of the claims at issue. He has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard. Additionally, the Georgia Court of Appeals addressed but refused to consider the merits of petitioner's Ground two herein, as he had failed to raise this claim of ineffective assistance of trial counsel in the lower court and thereby waived its consideration on appeal. *Roberts*, 257 Ga. Ct. App. at 252. This court, therefore, is barred from considering the merits of this ground. *Bishop v. Hall*, 2009 WL 2385375 (M.D.Ga.) ("A finding of res judicata does procedurally bar this Court from reviewing [the claim].").

## INEFFECTIVE ASSISTANCE CLAIMS

In grounds one and three, the petitioner also alleges that appellate counsel's failure to raise the grounds rendered her ineffective in her representation of the petitioner. The state habeas corpus court made the following findings of fact and conclusions of law in regard to petitioner's allegations of ineffectiveness against appellate counsel.

> *Petitioner was represented on appeal by the appointment of Ingrid Polite. Counsel handles mostly criminal defense cases in the Albany, Georgia area.*
>
> *Counsel corresponded with petitioner throughout her representation of him. Petitioner wanted to raise the issue of ineffective assistance of trial counsel, and Ms. Polite did her best to raise this issue. However, she encountered difficulty when petitioner's former appellate attorney (who had to be removed for a conflict) filed a direct appeal instead of a motion for new trial. Counsel requested a remand; however, the appeals court would not grant one. Counsel did raise an ineffective assistance claim at Petitioner's request, but she believed counsel's performance was adequate. Counsel did not raise other issues that Petitioner wanted because she did not believe they had merit. However, she examined all issues raised by Petitioner.*

> *Counsel decided what issues to raise on appeal by reviewing the trial transcripts and speaking with Petitioner's trial attorneys. Counsel believes she raised the most meritorious issues on appeal.*

Tab #9, exhibit 3, pp. 2-5

After quoting *Strickland v. Washington*, the state habeas corpus court found that

> *Petitioner has failed to meet his burden regarding the ineffective assistance of appellate counsel claim. Ms. Polite raised issues she thought had merit. Further, this Court has examined the brief submitted by Ms. Polite, and finds the brief to be sufficient and well-prepared. In fact, the only issue that Ms. Polite expressed doubt about presenting was ineffective assistance of trial counsel, and she presented this issue at Petitioner's insistence. Consequently, Ms. Polite's representation of Petitioner was effective, and ground twelve must fail.*

> *Id.*

In order to establish that his counsel's representation was constitutionally defective, the petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985). The petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [trial] strategy'". *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989). A criminal defendant has a right to counsel on appeal, "limited to the first appeal as of right". *Evitts v. Lucy*, 469 U.S. 387, 394 (1985). However, this right does not encompass a right to compel said counsel to pursue every claim deemed meritorious by the defendant.

The Supreme Court has expressly held that "[n]either *Anders* nor any other decision of this Court suggests, [however], that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."  *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."  *Id.*

It does not appear, nor has petitioner shown, that the state habeas corpus court's decision in this matter was contrary to or an unreasonable application of federal law.  The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, finding that petitioner had failed to show any prejudice resulting from counsel's alleged ineffectiveness.  Thus, to the extent that the petitioner raises ineffectiveness of appellate counsel as a ground for relief, this claim will not support the granting of habeas corpus relief herein.

Inasmuch as the grounds for relief raised herein will not support the granting of habeas corpus relief, IT IS THE RECOMMENDATION of the undersigned that this petition be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** of receipt thereof.

SO RECOMMENDED, this 28th day of APRIL, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE